UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-10-RJC

| ALBERT EARL COOK, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| SUSAN WHITE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on consideration of the petition for habeas relief filed by Petitioner pursuant to 28 U.S.C. § 2254, and Respondent's motion for summary judgment as to the claims raised in the § 2254 petition. For the reasons that follow, the Respondent's motion for summary judgment will be granted, and Petitioner's § 2254 petition will be denied and dismissed.

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina following his conviction on one count of trafficking in opium in an amount that was more than 4 grams but less than 14 grams. At the trial level, Petitioner was represented by counsel and a plea agreement was reached with the State. In the agreement, Petitioner agreed to plead guilty to this one count in exchange for the State's agreement to recommend the mandatory-minimum sentence and dismiss several charges of trafficking and possession with intent to sell or deliver a controlled substance. (Doc. No. 8-2 at 31-33: Transcript of Plea). On March 12, 2012, Petitioner was sentenced in the Iredell County Superior Court to the mandatory minimum term of 70 to 84 months in prison. Petitioner did not appeal.

On June 5, 2012, Petitioner filed a motion for appropriate relief (MAR) in the Iredell County Superior Court, and later amended the motion on June 15. In the MAR, Petitioner challenged the subject matter of the Superior Court contending that the indictment to which he pled guilty contained a fatal variance, and on the basis of this claim he argued that his trial counsel was ineffective in not raising this challenge. In the amended MAR Petitioner challenged the indictment and insisted that it was invalid because it failed to specify the exact amount of opium he was accused of possessing and selling. (Id., Doc. No. 8-2 at 10-23). The Superior Court denied all relief after concluding that the motions "set forth no probable grounds for relief requested, either in law or in fact . . ." (Id., Doc. No. 1-1: Order). On November 28, 2012, the North Carolina Court of Appeals denied his petition for a writ of certiorari to review the MAR order. (Id., Doc. 1-2). This § 2254 habeas petition follows and his claims will be addressed herein.[1]

## II.    STANDARD OF REVIEW

### A.    Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

---

[1] Petitioner was notified of his obligation to respond to the motion for summary judgment however he did not do so. (Doc. No. 9).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254, which provides in relevant part, that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

## III. DISCUSSION

A. Ground One

Petitioner contends that his indictment was fatally defective because it failed to allege an essential element of the charged offense. It is well-settled in federal habeas proceedings under § 2254 that a claim regarding a variance or other alleged deficiency in an indictment presents a state law claim which ordinarily does not provide a basis for federal habeas relief unless the deficiency rendered the proceedings so unfair that the petitioner was deprived of due process. Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985).

The state court examined this argument and found it to be wholly without merit and the court of appeals declined to review this determination. In order to set forth a cognizable claim on federal habeas review, the Petitioner must demonstrate that a clearly established violation of his federal rights has occurred. In his § 2254 petition, Petitioner blankly declares that the state court

"lacked jurisdiction over the person of the defendant and subject matter" based on his contention that the indictment was "fatally defective." (Doc. No. 1 at 5). Petitioner therefore does not even attempt to alert this Court to what federal law may have been violated. See § 2254(d)(1); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). This claim could be dismissed on this basis alone.

In addition, Petitioner, in agreeing to waive his right to a jury trial and plead guilty, waived his right to contest the validity of the indictment. Moreover, an alleged defect in an indictment does not constitute a jurisdictional defect, as Petitioner maintains. See United States v. Cotton, 535 U.S. 625, 630-31 (4th Cir. 1985). As such, a knowing and voluntary plea of guilty waives non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). For the foregoing reasons, this claim is denied.

     B.     Ground Two

In this second claim for relief, Petitioner contends that his counsel was ineffective in failing to notice this alleged variance and then challenge it before the superior court. In order to state a claim of ineffective assistance of counsel, Petitioner must establish that his counsel's performance was deficient and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 686 (1984). As to the first element, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. On the second element, Petitioner must convince the habeas court "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To this end, in order "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the

circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)).

In exchange for Petitioner's guilty plea to the one count of trafficking in opium in an amount greater than 4 grams but less than 14 grams, he secured a mandatory minimum sentence and the dismissal of three counts of drug trafficking and four counts of possession with intent to sell a controlled substance. See id. (Doc. No. 8-2: Transcript of Plea at 32-33). It would not appear rational to have foregone this agreement and proceeded to trial and face the risk of being convicted on some or all of the dismissed charges as Petitioner would have abandoned the certainty of the mandatory minimum, and therefore faced a sentence considerably more severe than the one negotiated by his counsel.

Further, Petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet his burden, then "a reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). Having found that no rational defendant would have passed on the opportunity to accept responsibility for only one controlled substance offense and a term certain sentence, in exchange for the dismissal of five other drug offenses, the Court finds that Petitioner has failed to demonstrate prejudice.

For the reasons stated herein, the Court finds that Petitioner has failed to present any meritorious arguments and his § 2254 petition will be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 7).

5

2. Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**. (Doc. No. 1).

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: March 4, 2014

Robert J. Conrad, Jr.
United States District Judge